# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GENERAL MOTORS LLC AND
GM GLOBAL TECHNOLOGY
OPERATIONS LLC,

     *Plaintiffs,*

     v.

QUALITY COLLISION PARTS, INC.,
POWER AUTO PARTS INC., AP AUTO
PARTS INDUSTRIAL LTD., AND
JIANGSU SRUMTO AUTO PARTS CO.,
LTD.

     *Defendants*.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs General Motors LLC ("GM LLC") and General Motors Global Technology Operations LLC ("GM GTO") (collectively "GM" or "Plaintiffs"), by and through their attorneys, bring this Complaint for patent infringement and demand for jury trial against Quality Collision Parts, Inc. ("Quality Collision Parts") and Power Auto Parts Inc. ("Power Auto") (collectively "Quality Collision"); Jiangsu Srumto Auto Parts Co., Ltd. ("Srumto"); and AP Auto Parts Industrial Ltd. ("AP") (collectively "Defendants").  GM alleges as follows:

## OVERVIEW

1.      GM is one of the largest automotive vehicle manufacturers and innovators in the world.  To protect its innovation, GM has obtained design patents on the ornamental design of its innovative vehicle parts.

2.      Defendants work in concert to manufacture copies of GM's patented vehicle parts, import those parts into the United States, and sell and/or offer to sell those parts, thereby infringing GM's patents.

3.      GM brings this lawsuit to protect its intellectual property and stop Defendants' widespread infringement.

## THE PARTIES

4.      GM LLC is a Delaware limited liability company with its principal place of business at 300 Renaissance Center, Detroit, MI, 48265.

5.      GM GTO is a Delaware limited liability company with its principal place of business located at 300 Renaissance Center, Detroit, MI 48265.

6.      GM GTO is the assignee of the Patents-in-Suit.

7.      GM LLC is the sole licensee of the Patents-in-Suit.

8.      On information and belief, Quality Collision Parts is a Michigan Corporation with a place of business at 5523 E. Nine Mile Road, Warren, MI 48091.

9.      On information and belief, Power Auto is a Michigan Corporation with a place of business at 5523 E. Nine Mile Road, Warren, MI 48091.

10.     On information and belief, Quality Collision Parts and Power Auto are related entities without clearly delineated operations.  For example, Quality Collision Parts and Power Auto share an address and phone number, and Quality Collision Parts' website touts Yelp reviews for Power Auto products.  Similarly, Power Auto customer intake documents equate Power Auto and Quality Collision Parts.

11.     On information and belief, Srumto is a Chinese company with a place of business at Changchun Village, Xinquao, Danbei Town, Danyang City, Jiangsu Province, China 212323.

12.     On information and belief, AP is a Taiwanese company with a place of business at No. 456, Sec. 2, Guoling Rd., 7th Neighborhood, Guoling Village, Zhongli District, Taoyuan City 320010.

## JURISDICTION AND VENUE

13.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Subject matter jurisdiction over the asserted causes of actions before this Court is, therefore, proper and founded upon 28 U.S.C. §§ 1331 and 1338.

14.     The Court has personal jurisdiction over Defendants at least because, on information and belief, Defendants work in concert to import for sale, sell, and/or offer to sell infringing products in the United States and the Eastern District of

3

Michigan, have continuous and systematic business in the Eastern District of Michigan, and/or solicit business from residents of the Eastern District of Michigan.

15.     Jurisdiction is also proper in this District as to Srumto and AP under Federal Rule of Civil Procedure 4(k)(2).

16.     Venue is proper in this District as to Quality Collision under 28 U.S.C. § 1400(b) because it has offered to sell or sold products accused of infringement to actual or potential customers located in this District and has a regular and established places of business in this District.

17.     Venue is proper in this District as to Srumto and AP under 28 U.S.C. § 1391(c)(3).

## FACTUAL BACKGROUND

18.     For over a century, GM has been at the forefront of the design of unique automotive vehicles, creating innovative and aesthetically beautiful designs. GM manages a team of hundreds of designers globally, investing millions of dollars annually in the design of its products.

19.     GM, through GM GTO, invests heavily in the protection of the unique and innovative ornamental features embodied in its vehicles and the component parts of those vehicles, and has applied for and received over a thousand issued U.S. Design Patents.

20.     GM's design patents include United States Design Patent Nos. D749,997 ("the '997 patent"); D792,815 ("the '815 patent"); D792,816 ("the '816 patent"); D793,301 ("the '301 patent"); D828,247 ("the '247 patent"); D828,248 ("the '248 patent"); D828,256 ("the '256 patent"); D847,703 ("the '703 patent"); D848,318 ("the '318 patent"); D856,874 ("the '874 patent"); D818,406 ("the '406 patent"); D883,155 ("the '155 patent"); D902,807 ("the '807 patent"); D930,533 ("the '533 patent"); D955,939 ("the '939 patent"); D859,239 ("the '239 patent"); and D848,647 ("the '647 patent") (collectively, the "Asserted Patents").

21.     The Asserted Patents are attached as Exhibits 1-17.

22.     The Asserted Patents are practiced by iconic GM vehicles such as the Chevrolet Colorado, Chevrolet Silverado, GMC Sierra, Chevrolet Traverse, and Chevrolet Malibu, as well as GM Genuine Parts used as replacement parts for those vehicles.

23.     GM has complied with the relevant marking provisions of 35 U.S.C. § 287 by marking its products with the website https://www.gmparts.com/gm-part-design-patents, which lists the Asserted Patents alongside the products they cover.  As a result, on information and belief, Defendants had presuit knowledge of the Asserted Patents.

24.     Defendants are in the business of manufacturing, importing, selling, and/or offering to sell replacement copy parts for automotive vehicles.  On information

and belief, Quality Collision sells and/or offers to sell infringing products to consumers and end users, and Srumto and AP manufacture infringing products for Quality Collision to sell and/or offer for sale.

25.     The Accused Products are intended and designed to be substitutable with GM Genuine Parts and are intended to be copies of GM Genuine Parts. Defendants' collective business is premised on offering replacement parts that match the ornamental appearance of genuine OEM components, including those of GM.

26.     Defendants directly infringe, and/or indirectly infringe the Asserted Patents in violation of 35 U.S.C. §§ 271(a), (b), and/or (c), as described in further detail below.

27.     Defendants directly infringe because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Products is substantially the same as the designs embodied in the Asserted Patents, and the resemblance is such as to deceive such an observer, inducing him or her to purchase the Accused Products.

28.     Quality Collision infringes the Asserted Patents under 35 U.S.C. § 271(b), for example, by encouraging repair shops and end users to directly infringe the Asserted Patents by importing, selling, offering to sell, and/or using the Accused Products.

29.     Srumto and AP infringe the Asserted Patents under 35 U.S.C. § 271(b), for example, by providing the Accused Products to distributors (such as Quality Collision) to import, use, sell, and/or offer to sell the Accused Products in the United States.

30.     Defendants also indirectly infringe the Asserted Patents under 35 U.S.C. § 271(c).  For example, automotive parts may be provided as components. Bumpers for certain vehicles are illustrative: on occasion, a step pad for a bumper may be sold separately from a larger bumper scaffold on which the step pad is placed. Components may be combined into a replacement part or placed into an existing vehicle, thus infringing an Asserted Patent.

31.     On information and belief, Quality Collision provides components of certain Accused Products to repair shops and end users.  By providing these components to repair shops and end users, Quality Collision encourages these entities to directly infringe by selling, offering to sell, and/or using the Accused Products.  Quality Collision knows each component provided is a material part of the claimed design, is especially made and especially adapted for use in each claimed design, and that there is no substantial non-infringing use for each infringing component.

32.     On information and belief, one or more of Srumto and AP are involved in selling and/or offering to sell components of Accused Products to distributors, such as Quality Collision.  By facilitating these component sales to Quality Collision, Srumto

and AP encourage Quality Collision to directly infringe the Asserted Patents by selling, offering to sell, and/or using the Accused Products. Srumto and AP know each component provided is a material part of the claimed design, is especially made and especially adapted for use in each claimed design, and that there is no substantial non-infringing use for each infringing component.

33. Specific instances of infringement are further detailed below.

## COUNT I

## Infringement of U.S. Patent No. D749,997 (Asserted Against Quality Collision and Srumto)

34. The '997 patent is assigned to GM GTO.

35. The '997 patent is presumed valid and enforceable.

36. Part No. GM1103180 was purchased in the United States from Quality Collision. Part No. GM1103180 was manufactured by Srumto in China and imported into the United States. Part No. GM1103180 is exemplary and does not limit the Accused Products.

37. Part No. GM1103180 infringes because it is substantially similar to the design claimed in the '997 patent. A claim chart is attached as Exhibit 18.

38. Upon information and belief, as described above, Quality Collision and Srumto engaged in infringing acts related to the '997 patent; have disregarded an objectively high likelihood of infringement of the '997 patent; and have acted, and

continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality

Collision's and Srumto's willful infringement entitles GM to enhanced damages in

accordance with 35 U.S.C. § 284.

39.     Quality Collision's and Srumto's conduct, including their

infringement of the '997 patent, is exceptional and entitles GM to attorneys' fees and

costs under 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. D792,815 (Asserted Against Quality Collision)

40.     The '815 patent is assigned to GM GTO.

41.     The '815 patent is presumed valid and enforceable.

42.     Part No. GM1002861 was purchased in the United States from

Quality Collision.  Part No. GM1002861 is exemplary and does not limit the Accused

Products.

43.     Part No. GM1002861 infringes because it is substantially similar to

the design claimed in the '815 patent.  A claim chart is attached as Exhibit 19.

44.     Upon information and belief, as described above, Quality Collision

engaged in infringing acts related to the '815 patent; has disregarded an objectively high

likelihood of infringement of the '815 patent; and has acted, and continues to act,

willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's

willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. §

284.

45.    Quality Collision's conduct, including its infringement of the '815

patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. §

285.

## COUNT III

### Infringement of U.S. Patent No. D792,816 (Asserted Against Quality Collision)

46.    The '816 patent is assigned to GM GTO.

47.    The '816 patent is presumed valid and enforceable.

48.    Part No. GM1002869 was purchased in the United States from

Quality Collision.  Part No. GM1002869 is exemplary and does not limit the Accused

Products.

49.    Part No. GM1002869 infringes because it is substantially similar to

the design claimed in the '816 patent.  A claim chart is attached as Exhibit 20.

50.    Upon information and belief, as described above, Quality Collision

engaged in infringing acts related to the '816 patent; has disregarded an objectively high

likelihood of infringement of the '816 patent; and has acted, and continues to act,

willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's

willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. §

284.

51.    Quality Collision's conduct, including its infringement of the '816 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT IV

**Infringement of U.S. Patent No. D793,301 (Asserted Against Quality Collision)**

52.    The '301 patent is assigned to GM GTO.

53.    The '301 patent is presumed valid and enforceable.

54.    Part No. GM1015135 was purchased in the United States from Quality Collision.  Part No. GM1015135 is exemplary and does not limit the Accused Products.

55.    Part No. GM1015135 infringes because it is substantially similar to the design claimed in the '301 patent.  A claim chart is attached as Exhibit 21.

56.    Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '301 patent; has disregarded an objectively high likelihood of infringement of the '301 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

57.     Quality Collision's conduct, including its infringement of the '301 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT V

**Infringement of U.S. Patent No. D828,247 (Asserted Against Quality Collision and AP)**

58.     The '247 patent is assigned to GM GTO.

59.     The '247 patent is presumed valid and enforceable.

60.     Part No. GM1230475C was purchased in the United States from Quality Collision.  Part No. GM1230475C was manufactured by AP in Taiwan and imported into the United States.  Part No. GM1230475C is exemplary and does not limit the Accused Products.

61.     Part No. GM1230475C infringes because it is substantially similar to the design claimed in the '247 patent.  A claim chart is attached as Exhibit 22.

62.     Upon information and belief, as described above, Quality Collision and AP engaged in infringing acts related to the '247 patent; have disregarded an objectively high likelihood of infringement of the '247 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's and AP's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

63.     Quality Collision's and AP's conduct, including their infringement of the '247 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VI

**Infringement of U.S. Patent No. D828,248 (Asserted Against Quality Collision)**

64.     The '248 patent is assigned to GM GTO.

65.     The '248 patent is presumed valid and enforceable.

66.     Part No. GM1230477 was purchased in the United States from Quality Collision.  Part No. GM1230477 is exemplary and does not limit the Accused Products.

67.     Part No. GM1230477 infringes because it is substantially similar to the design claimed in the '248 patent.  A claim chart is attached as Exhibit 23.

68.     Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '248 patent; has disregarded an objectively high likelihood of infringement of the '248 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

13

69.    Quality Collision's conduct, including its infringement of the '248 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VII

**Infringement of U.S. Patent No. D828,256 (Asserted Against Quality Collision)**

70.    The '256 patent is assigned to GM GTO.

71.    The '256 patent is presumed valid and enforceable.

72.    Part No. GM1240413 was purchased in the United States from Quality Collision.  Part No. GM1240413 is exemplary and does not limit the Accused Products.

73.    Part No. GM1240413 infringes because it is substantially similar to the design claimed in the '256 patent.  A claim chart is attached as Exhibit 24.

74.    Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '256 patent; has disregarded an objectively high likelihood of infringement of the '256 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

75.     Quality Collision's conduct, including its infringement of the '256 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VIII

### Infringement of U.S. Patent No. D847,703 (Asserted Against Quality Collision)

76.     The '703 patent is assigned to GM GTO.

77.     The '703 patent is presumed valid and enforceable.

78.     Part No. GM1102577 was purchased in the United States from Quality Collision.  Part No. GM1102577 is exemplary and does not limit the Accused Products.

79.     Part No. GM1102577 infringes because it is substantially similar to the design claimed in the '703 patent.  A claim chart is attached as Exhibit 25.

80.     Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '703 patent; has disregarded an objectively high likelihood of infringement of the '703 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

81.    Quality Collision's conduct, including its infringement of the '703 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT IX

## Infringement of U.S. Patent No. D848,318 (Asserted Against Quality Collision and Srumto)

82.    The '318 patent is assigned to GM GTO.

83.    The '318 patent is presumed valid and enforceable.

84.    Part No. GM1014134 was purchased in the United States from Quality Collision.  Part No. GM1014134 was manufactured by Srumto in China and imported into the United States.  Part No. GM1014134 is exemplary and does not limit the Accused Products.

85.    Part No. GM1014134 infringes because it is substantially similar to the design claimed in the '318 patent.  A claim chart is attached as Exhibit 26.

86.    Upon information and belief, as described above, Quality Collision and Srumto engaged in infringing acts related to the '318 patent; have disregarded an objectively high likelihood of infringement of the '318 patent; and have acted, and continue to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's and Srumto's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

16

87.     Quality Collision's and Srumto's conduct, including their infringement of the '318 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT X

### Infringement of U.S. Patent No. D856,874 (Asserted Against Quality Collision)

88.     The '874 patent is assigned to GM GTO.

89.     The '874 patent is presumed valid and enforceable.

90.     Part No. GM1002875 was purchased in the United States from Quality Collision.  Part No. GM1002875 is exemplary and does not limit the Accused Products.

91.     Part No. GM1002875 infringes because it is substantially similar to the design claimed in the '874 patent.  A claim chart is attached as Exhibit 27.

92.     Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '874 patent; has disregarded an objectively high likelihood of infringement of the '874 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

93.    Quality Collision's conduct, including its infringement of the '874 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XI

## Infringement of U.S. Patent No. D818,406 (Asserted Against Quality Collision)

94.    The '406 patent is assigned to GM GTO.

95.    The '406 patent is presumed valid and enforceable.

96.    Part No. GM1241409SF was purchased in the United States from Quality Collision.  Part No. GM1241409SF is exemplary and does not limit the Accused Products.

97.    Part No. GM1241409SF infringes because it is substantially similar to the design claimed in the '406 patent.  A claim chart is attached as Exhibit 28.

98.    Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '406 patent; has disregarded an objectively high likelihood of infringement of the '406 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

99.     Quality Collision's conduct, including its infringement of the '406 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XII

### Infringement of U.S. Patent No. D883,155 (Asserted Against Quality Collision)

100.   The '155 patent is assigned to GM GTO.

101.   The '155 patent is presumed valid and enforceable.

102.   Part No. GM1240422 was purchased in the United States from Quality Collision.  Part No. GM1240422 is exemplary and does not limit the Accused Products.

103.   Part No. GM1240422 infringes because it is substantially similar to the design claimed in the '155 patent.  A claim chart is attached as Exhibit 29.

104.   Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '155 patent; has disregarded an objectively high likelihood of infringement of the '155 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

105.   Quality Collision's conduct, including its infringement of the '155 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XIII

**Infringement of U.S. Patent No. D902,807 (Asserted Against Quality Collision)**

106.   The '807 patent is assigned to GM GTO.

107.   The '807 patent is presumed valid and enforceable.

108.   Part No. GM1230483 was purchased in the United States from Quality Collision.  Part No. GM1230483 is exemplary and does not limit the Accused Products.

109.   Part No. GM1230483 infringes because it is substantially similar to the design claimed in the '807 patent.  A claim chart is attached as Exhibit 30.

110.   Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '807 patent; has disregarded an objectively high likelihood of infringement of the '807 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

111.   Quality Collision's conduct, including its infringement of the '807 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XIV

**Infringement of U.S. Patent No. D930,533 (Asserted Against Quality Collision)**

112.   The '533 patent is assigned to GM GTO.

113.   The '533 patent is presumed valid and enforceable.

114.   Part No. GM1240418 was purchased in the United States from Quality Collision.  Part No. GM1240418 is exemplary and does not limit the Accused Products.

115.   Part No. GM1240418 infringes because it is substantially similar to the design claimed in the '533 patent.  A claim chart is attached as Exhibit 31.

116.   Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '533 patent; has disregarded an objectively high likelihood of infringement of the '533 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

117.   Quality Collision's conduct, including its infringement of the '533 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XV

## Infringement of U.S. Patent No. D955,939 (Asserted Against Quality Collision)

118.   The '939 patent is assigned to GM GTO.

119.   The '939 patent is presumed valid and enforceable.

120.   Part No. GM1002899 was purchased in the United States from Quality Collision.  Part No. GM1002899 is exemplary and does not limit the Accused Products.

121.   Part No. GM1002899 infringes because it is substantially similar to the design claimed in the '939 patent.  A claim chart is attached as Exhibit 32.

122.   Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '939 patent; has disregarded an objectively high likelihood of infringement of the '939 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

123.    Quality Collision's conduct, including its infringement of the '939 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVI

### Infringement of U.S. Patent No. D859,239 (Asserted Against Quality Collision)

124.    The '239 patent is assigned to GM GTO.

125.    The '239 patent is presumed valid and enforceable.

126.    Part No. GM1102570 was purchased in the United States from Quality Collision.  Part No. GM1102570 is exemplary and does not limit the Accused Products.

127.    Part No. GM1102570 infringes because it is substantially similar to the design claimed in the '239 patent.  A claim chart is attached as Exhibit 33.

128.    Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '239 patent; has disregarded an objectively high likelihood of infringement of the '239 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

129.    Quality Collision's conduct, including its infringement of the '239 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVII

**Infringement of U.S. Patent No. D848,647 (Asserted Against Quality Collision)**

130.    The '647 patent is assigned to GM GTO.

131.    The '647 patent is presumed valid and enforceable.

132.    Part No. GM2502497 was purchased in the United States from Quality Collision.  Part No. GM2502497 is exemplary and does not limit the Accused Products.

133.    Part No. GM2502497 infringes because it is substantially similar to the design claimed in the '647 patent.  A claim chart is attached as Exhibit 34.

134.    Upon information and belief, as described above, Quality Collision engaged in infringing acts related to the '647 patent; has disregarded an objectively high likelihood of infringement of the '647 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Quality Collision's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

135.   Quality Collision's conduct, including its infringement of the '647 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, GM demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, GM respectfully requests the following relief:

1) That Defendants have infringed and continue to infringe the Asserted Patents;

2) That GM recover all damages to which it is entitled, including under 35 U.S.C. § 289, but in no event less than a reasonable royalty;

3) That GM, as the prevailing party, shall recover from Defendants all taxable costs of court;

4) That GM recover from Defendants all pre- and post-judgment interest on the damages award, calculated at the highest rates allowed by law;

5) That Defendants' conduct was willful and that GM should therefore recover treble damages.

6)     That this case is exceptional and that GM shall therefore recover its attorneys' fees and other recoverable expenses, under 35 U.S.C. § 285; and

7)     That GM shall recover such other and further relief as the Court deems appropriate.

Dated: February 3, 2026           Respectfully Submitted,

*/s/ J. Michael Huget*

J. Michael Huget, MI Bar No. P39150
mhuget@honigman.com
Yafeez S. Fatabhoy, MI Bar No. P83064
yfatabhoy@honigman.com
HONIGMAN LLP
101 North Main Street
Suite 850
Ann Arbor, Michigan 48104
Telephone: (734) 418-4200

Scott D. Barnett, MI Bar No. P82673
sbarnett@honigman.com
HONIGMAN LLP
39400 Woodward Avenue
Suite 101
Bloomfield Hills, MI 48304-5151
Tel: (248) 566-8300

Dennis J. Abdelnour, ARDC No. 6292242
dabdelnour@honigman.com
HONIGMAN LLP
321 North Clark Street
Suite 500
Chicago, Illinois 60654-4769
Tel: 312.701.9300

Michael J. McKeon, DC Bar No. 459780
mckeon@fr.com
Christian A. Chu, DC Bar No. 483948
chu@fr.com
John J. Thuermer, DC Bar No. 90007442
(*Admission Forthcoming*) thuermer@fr.com
Joshua P. Carrigan, DC Bar No. 90007668
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave., SW, Suite 1000
Washington, D.C. 20024
Telephone:  (202) 783-5070

Joseph A. Herriges, MN Bar No. 390350
herriges@fr.com
**FISH & RICHARDSON P.C.**
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone:  (612) 335-5070

Leeron G. Kalay, CA Bar No. 233579
(*Admission Forthcoming*) kalay@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone:  (650) 839-5070

Jacqueline T. Moran, TX 24121740
(*Admission Forthcoming*) jtmoran@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, Texas 77002
Telephone:  (713) 654-5300

Ethan J. Rubin, MA Bar No. 696375
(*Admission Forthcoming*) erubin@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone:  (617) 542-5070

**COUNSEL FOR PLAINTIFFS
GENERAL MOTORS LLC AND GM GLOBAL
TECHNOLOGY OPERATIONS LLC**

27